IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 17-cv-135

STEVEN MICHAEL BENETTI, an individual; MARIA BENETTI, an individual,

Plaintiffs,

v.

MICHIGAN PULP AND PAPER TRADING, LLC, a Michigan limited liability company;
KEEN CARGO, INC., a Michigan corporation; GRAPHIC PACKAGING INTERNATIONAL,
INC., a Delaware corporation; 3F SERVICES, INC., a Michigan corporation; STEVEN
HENRY, an individual; PATRICK BAILEY, an individual;

Defendants.

_____

## COMPLAINT AND JURY DEMAND
_____

COME NOW Plaintiffs, Steven Michael and Maria Benetti, through their undersigned

counsel, Charles H. Torres, P.C., and respectfully submit their Complaint and Jury Demand as

follows:

## PARTIES

1.      Plaintiffs Michael and Maria Benetti (hereafter "Plaintiffs") are, and at all times

relevant to this complaint have been, residents of the State of Colorado. Plaintiffs are married

and currently reside in Como, Colorado, with a mailing address of P.O. Box 193, Como,

Colorado, 80432.

2.      Defendant Michigan Pulp and Paper Trading, LLC (hereafter "Michigan Pulp"),

is a Michigan limited liability company, and, upon information and belief, has its principal place

of business located at 29870 W 12 Mile Road, Farmington Hills, Michigan 48334. Michigan

Pulp is registered as an interstate motor carrier of general freight with the United States

Department of Transportation, and is registered as USDOT Number 2899299 and Motor Carrier Number MC-974962.

      3.      Defendant Keen Cargo, Inc., is a Michigan for-profit corporation, and, upon information and belief, has its principal place of business located at 25751 Meadowbrook Road, Novi, Michigan 48375. Keen Cargo is registered as an interstate motor carrier of general freight with the United States Department of Transportation, and is registered as USDOT Number 2440672 and Motor Carrier Number MC-845310 whose placard information was found on the tractor truck and trailer involved in the collision with the Plaintiffs.

      4.      Defendant 3F Services, Inc., is a Michigan for-profit corporation, and, upon information and belief, has its principal place of business located at 7078 Villa Drive, Waterford, Michigan 48327. 3F Services is registered as an interstate motor carrier of general freight with the United States Department of Transportation, and is registered as USDOT Number 2826867 and Motor Carrier Number MC-943758.

      5.      Defendant Graphic Packaging International, Inc. (hereafter "Graphic"), is a Delaware for profit corporation and is headquartered at 1500 Riverdedge Parkway Suite 100, Atlanta Georgia 30328 with a warehouse located at 1100 Marauder, Chico California 95973 which was the location from which Graphic Packaging loaded cargo onto the tractor trailer driven by Mr. Henry that was involved in the collision with the Plaintiffs on November 28, 2016.

      6.      Defendant Steven Henry (hereafter "Mr. Henry"), upon information and belief, is a resident of the State of Texas, and resides at 417 Tad Williams Road, Longview, Texas 75605 and the driver of the tractor truck involved in the collision with the Plaintiffs.

      7.      Defendant Patrick Bailey (hereafter "Mr. Bailey"), upon information and belief, is a resident of the State of Texas, and resides at 417 Tad Williams Road, Longview, Texas 75605

and was a driver and passenger as well as owner of the tractor truck involved in the collision with the Plaintiffs.

## JURISDICTION AND VENUE

8.      This Court has original jurisdiction over this action under 28 U.S.C. § 1332, in that the amount of controversy exceeds seventy five thousand dollars ($75,000) and Plaintiffs are citizens of states which are different from the states where Defendants are incorporated and have their principal places of business, or are residents.

9.      Venue is proper in this district because the accident occurred in Park County, Colorado, which falls within the jurisdiction of this United States District Court for the District of Colorado. Furthermore, the Colorado State Patrol conducted an investigation at the scene of the accident, and the driver of the truck, Steven Henry, was charged with careless driving resulting in serious bodily injury related to this accident in Colorado, and most of the potential witnesses to the accident are likely to be located in Colorado.

## GENERAL ALLEGATIONS

10.      On the date of November 28, 2016, at or around the time of 2:10 P.M., Plaintiffs were traveling in their vehicle southbound on Highway 285 South from Como, Colorado, going towards Fairplay, Colorado. At the time, Mr. Benetti was driving a 2005 Toyota Tundra pickup truck, with Mrs. Benetti sitting in the front passenger seat of the Tundra.

11.      Mr. Henry was driving a 1995 Freightliner truck tractor with a semi-trailer attached. Mr. Bailey, the owner of the truck, was sitting in the front passenger seat of the truck tractor at the time of the accident.

12.      On information and belief, Mr. Henry and Mr. Bailey were transporting a loaded trailer containing cardboard packaging for beer cans or bottles.

13.     Federal regulations exist for the transportation of goods interstate. Under these regulations, different parties can be held liable for the negligent acts of drivers hauling goods interstate.

14.     Upon information and belief, Michigan Pulp made arrangements for the transportation of the cargo with other related entities and/or third parties companies including Keen Cargo, 3F Services, and Graphic, the shipper of the cargo involved in the accident.

15.     Upon information and belief, Michigan Pulp entered into an agreement to have Mr. Bailey and Mr. Henry pick up a load of beer packaging from Graphic's warehouse location in Chico, California.

16.     Michigan Pulp is a company that provided the arrangements either on its own, or in conjunction with, Keen Cargo and 3F Services to have Mr. Henry and Mr. Bailey transport cargo from Chico, California, to Fort Collins, Colorado.

17.     Graphic contracted with Michigan Pulp, Keen Cargo, and/or 3F Services, to transport cargo from Graphic's Chico, California, location to Ft Collins, Colorado, and loaded the cargo that was being transported by Mr. Henry and Mr. Bailey.

18.     Mr. Henry and Mr. Bailey were to transport the cardboard beer packaging from Graphic in Chico, California, to a brewery in Fort Collins for the benefit of Michigan Pulp, Keen Cargo, and Graphic.

19.     Michigan Pulp provided Mr. Henry and Mr. Bailey with proof of insurance, which they then presented to law enforcement at the time of the accident suggesting the truck tractor driven by Mr. Henry and owned by Mr. Bailey was covered by Michigan Pulp's insurance carrier.

20.     Upon information and belief Mr. Henry and Mr. Bailey had a contractual relationship with Keen Cargo and at the time of the accident Keen Cargo had required DOT placard information displayed on the tractor-trailer combination indicating that the tractor-trailer load was being transported under the authority and control of Keen Cargo, making Keen Cargo responsible under Federal regulations for any negligent action of Mr. Henry and Bailey resulting in injuries of the public.

21.     Upon information and belief Mr. Henry and Mr. Bailey had a contractual relationship with 3F Services and made their truck tractor available for hauling of cargo interstate  and at the time of the accident 3F Services had required DOT placard information displayed on the tractor-trailer combination indicating that the tractor-trailer load was being transported under the authority and control of 3F Services making 3F Services responsible under Federal regulations for any negligent action of Mr. Henry and Mr. Bailey resulting in injuries to the public.

22.     According to Mr. Bailey and Henry, the cargo was delayed in being loaded for 5 hours by the shipper Graphic and impacted the scheduled delivery of the load to Ft. Collins, Colorado, requiring the need to make up time.

23.     A motor carrier cannot schedule a run or require the operation of a commercial vehicle between points in such period of time as would necessitate the vehicle being operated at speeds greater than those prescribed by the jurisdictions in or through which the vehicle is being operated.

24.     Upon information and belief, Michigan Pulp, Keen Cargo, and/or 3F Services scheduled a run, or required the operation of a commercial vehicle, between points in such

period of time as would necessitate the truck being operated at speeds greater than those prescribed by the jurisdictions in or through which the vehicle is being operated.

25.     Additionally, according to Mr. Henry, the load was not properly secured by the shipper Graphic.

26.     That upon information and belief, the driver and owner of the truck tractor, Mr. Henry and Mr. Bailey then undertook to transport the cargo that was not properly secured in the trailer.

27.     On the date of November 28, 2016, at or around the time of 2:10 P.M., Defendants Mr. Henry and Mr. Bailey were on their way to Ft. Collins, Colorado, and were travelling northbound on Highway 285 North from Fairplay, Colorado, going towards Como, Colorado.

28.     On or around 2:10 P.M. on November 28, 2016, as Plaintiffs travelled on Highway 285 South from Como, Colorado, they began ascending Red Hill Pass. As Highway 285 South ascends Red Hill Pass, it splits from a single lane of traffic into two southbound lanes of traffic, with the right southbound lane for general traffic, and the left southbound lane for passing traffic. At or around southbound mile marker 188 on Highway 285 South, the southbound lanes of traffic are structured in this configuration.

29.     On or around 2:10 P.M. on November 28, 2016, Defendants Mr. Henry and Mr. Bailey were descending from Red Hill Pass on Highway 285 North. Highway 285 North at or around mile marker 188 is only one lane of traffic and failed to slow down to a speed that would allow them sufficiently to safely descend the curve and address the wind conditions with an alleged unsecured load.

30.     The wheels for the semi-trailer lost contact with the road surface and it rolled onto its left side, then causing the truck tractor to roll onto its left immediately after. With both the truck tractor and the semi-trailer rolled onto their left sides, the semi-trailer slid, lengthwise with great force for approximately 253 feet across both lanes of Highway 285 South, with the top portion of the trailer facing towards Highway 285 South.

31.     As the Plaintiffs approached mile marker 188, they were driving in the far right lane of traffic on Highway 285 South at approximately 45 miles per hour. As Plaintiffs witnessed Mr. Bailey's truck tractor rounding the turn, both the truck tractor and semi-trailer instantaneously and violently lost control and rolled onto their sides. The truck tractor and semi-trailer careened towards the Plaintiff's vehicle across both lanes of Highway 285 South leaving Plaintiffs with no time, or the ability, to avoid a collision.

32.     Within just a fraction of second, the top portion of the semi-trailer collided head on with Plaintiffs' pickup truck. Plaintiffs' pickup truck pierced the outer wall of the semi-trailer and entered the semi-trailer towards its rear end and collided with the cargo within the trailer.

33.     For 77 feet after the initial collision, the semi-trailer continued to slide down the two southbound lanes with Plaintiffs' vehicle lodged within its cargo hold. At about 77 feet after the initial collision, the semi-trailer thrust the rear end of Plaintiffs' vehicle off of the road. As Plaintiffs' vehicle was pushed off the road, it struck, and destroyed, a metal road sign.

34.     After colliding with the road sign, the semi-trailer continued to drag Plaintiffs' vehicle for another 39 feet, until Plaintiffs' vehicle collided with a barbed wire fence just off the side of the road. At this point, Plaintiffs' vehicle became dislodged and came to a rest just after striking the barbed wire fence, while the truck tractor and semi-trailer continued to slide through the land adjacent to the road for another 179 feet until it came to a rest in a ditch.

7

35.     Both Plaintiffs were knocked unconscious as a result of the semi-trailer's violent collision with their vehicle. Ambulance transport by helicopter was not possible at the time emergency crews arrived at the scene, so paramedics had to transport Plaintiffs to St. Anthony Hospital in Lakewood, Colorado, via road ambulance, which is almost an hour and half drive.

36.     Both Plaintiffs suffered extensive injuries to various parts of their bodies including head injuries, neck injuries, back injuries, leg injuries, bruises and contusions, cuts, and scrapes all of which will cause scarring. Both Plaintiffs have limited mobility and fear of driving and the inability to drive making their day-to-day existence difficult and dangerous and their full recovery more difficult. Both Plaintiffs remained in the hospital for a number of days.

37.     Along with other injuries, Mr. Benetti suffered head injuries with resulting cognitive impact effecting his thinking and ability to function. Mr. Benetti experiences dizziness and instability when standing up after being seated, and vice versa. Speech has become difficult for Mr. Benetti, and he struggles to formulate thoughts.

38.     Along with other injuries, Mrs. Benetti suffers from severe headaches. She has difficulty gaining balance while moving, blurred and double vision, and extreme anxiety and stress about the violent collision.

39.     Mr. Bailey and Mr. Henry have refused to provide accurate and complete insurance information for the tractor-trailer, including insurance information for Keen Cargo and the arrangement between Michigan Pulp, Keen Cargo, and/or 3F services.

40.     Upon information and belief, Michigan Pulp is responsible for the driver's and passenger's actions, negligence, lack of training, and failure to follow safety requirements of freight forwarders and freight carriers leading to the collision with Plaintiffs' vehicle.

41.    Upon information and belief, Keen Cargo and 3F Services are responsible for the driver's and passenger actions, negligence, lack of training, and failure to follow safety requirements of freight forwarders and freight carriers leading to the collision with Plaintiffs' vehicle.

42.    Upon information and belief, Graphic is responsible for Mr. Henry's negligence because, as the shipper, it had the obligation to safely load and secure the semi-trailer with cargo and timely load the cargo to cause a delay for the driver.

43.    As a direct and proximate result of one or more of the forgoing negligent acts or omissions of the Defendants, the Plaintiffs sustained serious and permanent injuries, were required to seek extensive medical treatment and consultation, and have expended, and will have to expend in the future, great sums of money to be healed and cured of their injuries. In the future, they will continue to suffer great pain, anguish, and physical and mental suffering, as well as experience a loss of enjoyment of life and be required to relocate to Arizona and sell their mountain residence due to the physical injuries suffered and the mental trauma of traveling the road where the dramatic accident occurred.

## FIRST CLAIM FOR RELIEF
### (Negligence – Against Defendant Steven Henry)

44.    Plaintiffs incorporate by reference and re-allege paragraphs 1 through 43, as if fully set forth herein.

45.    Defendant Henry had a duty to Plaintiffs, and the public at large, to safely operate the commercial tractor-trailer combination he was driving, and operate such combination in a manner that did not create a danger to the driving public.

46.    Defendant Henry breached his duty to the Plaintiffs in that Defendant Henry was careless and negligent in the operation of the commercial truck-trailer he operated on November

9

28, 2016. Defendant Henry failed to control the truck-trailer, at a safe speed, to navigate a roadway curve to prevent the heavily loaded trailer from tipping over and endangering oncoming traffic. Defendant Henry's failure to control the truck-trailer caused the trailer to collide with Plaintiffs, resulting in severe personal injuries to them.

47.    As a direct and proximate result of the collision, Plaintiffs sustained severe and painful bodily injuries, including, but not limited to, impairment to cognitive ability, damage to spinal integrity, gashes and cuts, bruises, fractures, surgery, extensive medical treatment, and will require significant physical rehabilitation. Plaintiffs are also continuing to experience extreme anxiety and distress when recalling the horrific collision, and have since been unable to operate an automobile for fear of being involved in another violent collision.

48.    As a direct and proximate result of the physical injuries sustained by Plaintiffs in the collision, Plaintiffs have incurred significant medical bills for their treatment, and have incurred significant other expenses in an attempt to put their lives back to a somewhat normal condition.

49.    As a direct and proximate result of Defendant Henry's negligence, and the injuries they sustained from such negligence, Plaintiffs are unable to seek employment that would be needed to pay for medical bills of Mrs. Benetti who does not have medical coverage and medical bills of Steven Bennetti not covered by insurance.

50.    Mrs. Benetti, who did not have medical insurance coverage at the time, has incurred over $150,000 in medical bills so far.

51.    As a direct and proximate result of Defendant Henry's negligence, Plaintiffs may be left with disabilities that will similarly incapacitate them in the future, causing them further pain, suffering, and medical treatment.

52.     As a direct and proximate result of the physical and mental injuries sustained by Plaintiffs in the collision, Plaintiffs have suffered an extreme loss of enjoyment of life, as they can no longer pursue many recreational and social activities they had engaged in as a married couple.

53.     As a direct and proximate result of Defendant Henry's negligence, Plaintiffs have suffered additional loss or damage to personal property.

54.     Plaintiffs seek damages from Defendant Henry, caused to them by Defendant Henry's negligence, in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

**(Respondeat Superior – Against Michigan Pulp, Keen Cargo, and 3F Services)**

55.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 54, as if fully set forth herein.

56.     At all times relevant to this Complaint, Defendant Henry was an employee of, or provided contract services to, Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp, and he was operating the truck tractor and semi-trailer in the regular course of business at the time of the collision on November 28, 2016, for the benefit of these Defendants.

57.     The above alleged acts of Defendant Henry were committed within the scope of his employment and/or contract relationship with Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp, and were committed for the benefit of them, in furtherance of the business interests of Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp.

58.     Based on an employment and/or contractual relationship with Defendant Henry, Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp are responsible

for all of the negligent acts committed by Defendant Henry within the scope of his employment

and/or in the course of carrying out the parties' agreement.

59.    Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp

had an obligation to properly train its drivers and ensure that their drivers received appropriate

training and safety instruction.

60.    Upon information and belief, Defendant Keen Cargo, Defendant 3F Services,

and/or Defendant Michigan Pulp failed to properly train and provide safety instructions to

Defendant Henry.

61.    Had Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan

Pulp provided proper training and safety instructions to Defendant Henry, this accident could

have been prevented.

62.    Plaintiffs suffered injury as a direct and proximate cause of Defendant Henry's

negligence committed during, and within the scope of, his employment and/or agreement with,

and in furtherance of the interests of, Defendant Keen Cargo, Defendant 3F Services, and/or

Defendant Michigan Pulp.

63.    Plaintiffs seek damages from Defendant Keen Cargo, Defendant 3F Services,

and/or Defendant Michigan Pulp under the doctrine of vicarious liability through respondeat

superior, in an amount to be proven trial.

### THIRD CLAIM FOR RELIEF
**(Negligent Hiring and Retention – Against Keen Cargo, 3F Services, and Michigan Pulp)**

64.    Plaintiffs incorporate by reference and re-allege paragraphs 1 through 63, as if

fully set forth herein.

65.     Defendant Henry was employed by, or agreed to provide transportation services for, Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp at the time of the collision on November 28, 2016.

66.     The above alleged acts were committed within the scope of Defendant Henry's employment and/or transportation agreement with Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp.

67.     Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp are responsible for those negligent acts committed within the scope of Defendant Henry's employment or in carrying out his transportation agreement with Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp.

68.     Upon information and belief, Defendant Henry and Defendant Bailey had a contractual relationship with Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp and, at the time of the accident, had required DOT placard information displayed on the tractor-trailer combination indicating that the tractor-trailer load was being transported under the authority and control of Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp, making each or any of them responsible under Federal regulations for any negligent action of the Defendant Henry and Defendant Bailey resulting in injuries to the public.

69.     Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp hired Defendant Henry as a truck driver and arranged with Defendant Bailey to use his truck tractor to haul cargo.

70.     Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp had a duty to investigate Defendant Henry's driving record and driving history.

13

71.    Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp failed to properly investigate Defendant Henry's driving history and driving experience, and made insufficient efforts to investigate whether or not Defendant Henry was a safe, fit, and competent driver to haul cargo on long distance trips.

72.    Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp knew, had reason to know, or should have known, that Defendant Henry  would be likely to use the equipment provided in an unsafe manner or with insufficient experience involving unreasonable risk of physical harm.

73.    Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp knew, had reason to know, or should have known, that, by employing Defendant Henry, his use of a truck tractor and semi-trailer could involve the risk of physical harm to others. The acts and omissions of Defendant Keen Cargo, Defendant 3F Services, and/or Michigan Pulp caused the Plaintiffs' injuries.

74.    The negligence of Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp in hiring and/or retaining Defendant Henry was a proximate cause of the Plaintiffs' injuries.

75.    Plaintiffs seek damages from Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp for their negligent hiring and retention of Defendant Henry in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
**(Motor Carrier Liability under 49 C.F.R. § 387.301, *et seq.* - Against Keen Cargo, 3F Services and Michigan Pulp)**

76.    Plaintiffs incorporate by reference and re-allege paragraphs 1 through 75, as if fully set forth herein.

77.     Defendant Keen Cargo, Defendant 3F Services, and Defendant Michigan Pulp are motor carriers as defined by 49 C.F.R. § 387.301, *et seq.*, of the Federal Motor Carrier Safety Regulations. Defendant Keen Cargo, Defendant 3F Services, and Defendant Michigan Pulp are registered as general motor carriers of property with the Federal Motor Carrier Safety Administration.

78.     Under 49 C.F.R. § 387.301, *et seq.*, motor carriers are required to carry a minimum amount of insurance to cover bodily injury caused to third-parties during the transportation of property for business in interstate commerce.

79.     Upon information and belief, Defendant Henry and Defendant Bailey had a contractual relationship with Defendant Keen Cargo and Defendant 3F Services and/or had previously transported cargo interstate for these Defendants. Defendant Keen Cargo and Defendant 3F Services had placed required DOT placard information on the tractor-trailer combination indicating that the tractor-trailer load was being transported under the authority and control of Defendant Keen Cargo, Defendant 3F Services and/or Defendant Michigan Pulp.

80.     At the time of the accident the truck tractor and semi-trailer continued to have the placard markings on the carrier vehicle, making Defendant Keen Cargo and Defendant 3F Services responsible under Federal regulations for any negligent action of Defendant Henry and Defendant Bailey resulting in injuries to the public, and Michigan Pulp is responsible as the named insured according to insurance paperwork found in the truck tractor at the time of the accident

81.     During the transportation of cargo in furtherance of the business interests of Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp, Defendant Henry negligently caused severe bodily injury to Plaintiffs.

82.     Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp are all liable under 49 C.F.R. § 387.301, *et seq.*, for the bodily injury caused to Plaintiffs during the transportation of cargo in interstate commerce in furtherance of the business interests.

83.     Under 49 C.F.R. § 387.301, *et seq.*, Plaintiffs seek damages from Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp for bodily injury negligently caused by them, or employees of any of them or persons involved in the transportation of goods on November 28, 2016, for the benefit of the these defendants that caused injuries to the Plaintiffs in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### (Property Broker Liability under 49 C.F.R. § 387.301, *et seq.* - Against Keen Cargo 3F Services and Michigan Pulp)

84.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 83, as if fully set forth herein.

85.     In the alternative, Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp may have acted as brokers of property as defined by 49 C.F.R. § 387.301, *et seq.*, of the Federal Motor Carrier Safety Regulations.

86.     Under 49 C.F.R. § 387.301, *et seq.*, brokers of property are liable for bodily injury caused to third-parties under the circumstances of this case and during the transportation of property for business in interstate commerce for which the broker organized or arranged.

87.     During the transportation of property for which Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp organized or arranged as property broker, the motor carrier of such property negligently caused severe bodily injury to Plaintiffs.

88.     Under 49 C.F.R. § 387.301, *et seq.*, Plaintiffs seek damages from Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp for bodily injury caused to them

by a motor carrier during transportation of property for which they arranged or organized, in an amount to be proven at trial.

### SIXTH CLAIM FOR RELIEF
**(Negligent Entrustment – Against Keen Cargo, 3F Services, Michigan Pulp, and Patrick Bailey)**

89.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 88, as if fully set forth herein.

90.     Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp, as the employer of Defendant Henry, had the right to permit and the power to prohibit the use of this truck tractor and semi-trailer by Defendant Henry.

91.     As a result of this employment relationship or business agreement with Defendant Henry and Defendant Bailey, Defendant Keen Cargo, Defendant 3F Services, and/or Defendant Michigan Pulp had the right to control the actions of Defendant Henry and had an obligation to ensure that Henry would operate the truck and trailer safely.

92.     Defendant Bailey, as record and self-claimed owner of the truck tractor, had the right to control the use this truck tractor and had an obligation to ensure that Henry would operate the truck and trailer safely.

93.     Defendant Keen Cargo, Defendant 3F Services, Defendant Michigan Pulp, and Defendant Bailey knew, or had reason to know, that Defendant Henry, because of inexperience and prior actions, or actions on the day of the accident, was likely to drive the truck tractor and semi-trailer in a negligent and reckless manner.

94.     The injuries, harm, and damages were incurred by Plaintiffs as a result of the use of the vehicle by Defendant Henry in a negligent and reckless manner, which, because of his inexperience, prior actions or actions on the day of the accident, Defendant Keen Cargo,

Defendant 3F Services, Defendant Michigan Pulp, and Defendant Bailey knew, or had reason to know, was likely, and involved an unreasonable risk of harm to others while driving a truck tractor attached to a semi-trailer.

95.     As a direct result of Defendant Keen Cargo, Defendant 3F Services, Defendant Michigan Pulp, and Defendant Bailey negligently entrusting Defendant Henry, who operated said vehicle owned by Defendant Bailey, in a negligent and reckless manner, the Plaintiffs, without any contributory negligence, did suffer the injuries, damages, and harm previously enumerated in this Complaint.

96.     Plaintiffs seek damages from Defendant Keen Cargo, Defendant 3F Services, Defendant Michigan Pulp, and Defendant Bailey for the injuries they sustained as a result of their negligent entrustment of the truck tractor and semi-trailer to Defendant Henry, in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
### (Negligence – Graphic Packaging International)

97.     Plaintiffs incorporate by reference and re-allege paragraphs 1 through 96, as if fully set forth herein.

98.     Defendant Graphic contracted with Defendant Michigan Pulp, Defendant Keen Cargo, and/or Defendant 3F Services to have their cardboard packaging delivered to a customer in Ft. Collins, Colorado by Defendants Henry and Bailey.

99.     Defendant Graphic was the shipper of the goods being transported by Defendants Henry and Bailey.

100.    The point of pick up for the cargo was at Defendant Graphic's location at 1100 Marauder Street, Chico, California 95973.

101.     According to Defendants Henry and Bailey, the loading of the cargo was delayed by Defendant Graphic for approximately five hours.

102.     According to Defendant Henry, the load was later found not to be securely loaded as Defendant Henry approached the location of the accident.

103.     Defendant Graphic, per federal regulations, had a duty to Plaintiffs, and the public at large, to ensure that the cargo it loaded was secure and not overweight, thus reducing the risk the driver would lose control of the tractor-trailer during travel.

104.     Defendant Graphic failed to ensure that the cargo was secure and not overweight, and, as a result, the improper manner in which the cargo was loaded contributed, at least in part, to the cause of the accident.

105.     Defendant Graphic had a separate obligation to not delay loading the cargo well knowing it would cause the driver to increase speed of delivery to make his destination on time.

106.     As a direct result of Defendant Graphic's negligence, the Plaintiffs, without any contributory negligence, did suffer the injuries, damages, and harm previously enumerated in this Complaint.

107.     Plaintiffs seek damages from Defendant Graphic for the injuries they sustained as a result of Defendant Graphic's negligence, in an amount to be proven at trial.

## EIGHTH CLAIM FOR RELIEF
### (Loss of Consortium – Against All Defendants)

108.     Plaintiffs hereby incorporate by reference and re-allege paragraphs 1 through 107, as if set forth fully herein.

109.     Before suffering the injuries resulting from the accident, Steven Michael Benetti was able to, and did, perform all the duties of a husband and did perform these duties including,

but not limited to, maintaining the home, providing love, companionship, affection, society,

intimate relations, moral support, and solace to his wife, Maria Benetti.

110.    As a consequence of Defendant Henry's negligence operation of the truck tractor

and semi-trailer, as alleged previously in this Complaint, Plaintiff Steven Michael Benetti

sustained significant and permanent injuries.

111.    As a consequence of the significant and permanent injuries Steven Michael

Benetti sustained as a result of Defendant Henry's negligence, Steven Michael Benetti has been

unable to perform his duties as a husband in the same manner as he did prior to the collision.

112.    As a result of Defendant Henry's negligence, the companionship, affection,

society, intimacy, and moral aspects of Steven Michael Benetti's marital relationship with Maria

Benetti has been severely damaged.

113.    Plaintiff Maria Benetti seeks damages from all Defendants for loss of consortium

with her husband, Steven Michael Benetti, in an amount to be proven at trial.

### NINTH CLAIM FOR RELIEF
#### (Loss of Consortium – Against All Defendants)

114.    Plaintiffs hereby incorporate by reference and re-allege paragraphs 1 through 113,

as if set forth fully herein.

115.    Before suffering the injuries resulting from the accident, Maria Benetti was able

to, and did, perform all the duties of a wife and did perform these duties including, but not

limited to, maintaining the home, providing love, companionship, affection, society, intimate

relations, moral support, and solace to her husband, Steven Michael Benetti.

116.    As a consequence of Defendant Henry's negligence operation of the truck tractor

and semi-trailer, as alleged previously in this Complaint, both Maria Benetti sustained significant

and permanent injuries.

117.    As a consequence of the significant and permanent injuries sustained by both Plaintiffs as a result of Defendants' negligence, Maria Benetti has been unable to perform her duties as a wife in the same manner as she did prior to the collision.

118.    As a result of Defendants' negligence, the companionship, affection, society, intimacy, and moral aspects of Maria Benetti's marital relationship with Steven Michael Benetti has been severely damaged.

119.    Plaintiff Steven Michael Benetti seeks damages from all Defendants for loss of consortium with his wife, Maria Benetti, in an amount to be proven at trial.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

WHEREFORE, Plaintiffs Steven Michael Benetti and Maria Benetti respectfully request the Court to:

a.    Enter judgment against Defendants on each of Plaintiff's claims for:

    i.    Negligence – against Defendant Steven Henry,

    ii.    Vicarious Liability through Respondeat Superior – against Defendants Keen Cargo, 3F Services, and Michigan Pulp,

    iii.    Negligent Hiring and Retention – against Defendants Keen Cargo, 3F Services, and Michigan Pulp,

    iv.    Motor Carrier Liability under 49 C.F.R. § 387.301, *et seq.* - against Defendants Keen Cargo, 3F Services, Michigan Pulp,

    v.    Broker of Property Liability under 49 C.F.R. § 387.301, *et seq.* – against Defendants Keen Cargo, 3F Services, and Michigan Pulp,

    vi.    Negligent Entrustment – against Defendants Keen Cargo, 3F Services, Michigan Pulp, and Patrick Bailey,

    vii.    Negligence – against Graphic Packaging International,

       viii.       Loss of Consortium by Maria Benetti – against all Defendants,

        ix.       Loss of Consortium by Steven Benetti – against all Defendants;

b.       To award to Plaintiffs damages in an amount to compensate Plaintiffs for their losses;

c.       To award to Plaintiffs costs of litigation;

d.       To award to Plaintiffs attorneys' fees to the extent permitted by law;

e.       To award to Plaintiffs pre and post judgment interest; and

f.       Such other relief as this Court deems just and proper.


Dated: January 16, 2017                Respectfully Submitted by:

                                    */s/ Charles H. Torres*
                                    Charles H. Torres, Colo. Atty. Reg. #7986
                                    Charles H. Torres, P.C.
                                    1888 Sherman Street, Suite 630
                                    Denver, CO 80203
                                    Phone: (303) 830-8885
                                    Fax:   (303) 830-8890
                                    E-mail: chas303@aol.com
                                    *Attorney for Plaintiffs*

                                    *(Original signature on file at the office of Charles H. Torres, P.C.)*